NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 23-5073

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

BLOOMBERG L.P., et al.,

Appellants,

v.

UNITED STATES OF AMERICA,

Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA, No. 22-mc-128-BAH

REPLY BRIEF OF APPELLANTS BLOOMBERG L.P.,
CABLE NEWS NETWORK, INC., THE E.W. SCRIPPS COMPANY,
POLITICO LLC, and WP COMPANY LLC d/b/a THE WASHINGTON POST

Chad R. Bowman
Charles D. Tobin
Maxwell S. Mishkin
Lauren Russell
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for Appellants*

# **TABLE OF CONTENTS**

                                                                             **Page**

TABLE OF AUTHORITIES .................................................................................... ii

SUMMARY OF ARGUMENT ..................................................................................1

ARGUMENT .............................................................................................................3

I. THE DISTRICT COURT SHOULD AFFORD THE GOVERNMENT ALL DUE DEFERENCE, BUT NOT EXCESSIVE DEFERENCE, IN DECIDING WHETHER SEALING RECORDS REMAINS "NECESSARY" UNDER RULE 6(e)..........................................................5

II. THE DISTRICT COURT SHOULD NOT CONSIDER WHETHER RELEASING ANCILLARY RECORDS WILL "FILL GAPS" IN PUBLIC REPORTING....................................................................................7

III. THE DISTRICT COURT SHOULD DETERMINE WHETHER THE GOVERNMENT HAS OVERCOME THE POWERFUL PRESUMPTION OF ACCESS TO OPINIONS AND ORDERS ARISING UNDER THE FIRST AMENDMENT .........................................9

    A. This Court Can Address The First Amendment Access Argument ................................................................................................9

    B. The First Amendment Right Of Access Applies To Court Opinions And Orders, Including In Ancillary Proceedings ................10

    C. The Government Must Carry Its Heavy Burden Under The First Amendment To Justify Sealing These Opinions And Orders ...........................................................................................................14

CONCLUSION ........................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affum v. United States*,
    566 F.3d 1150 (D.C. Cir. 2009)............................................................3

*Campbell v. Department of Justice*,
    164 F.3d 20 (D.C. Cir. 1998)................................................................6

*Dhiab v. Trump*,
    852 F.3d 1087 (D.C. Cir. 2017).............................................11, 13, 14

*Flynn v. Commissioner*,
    269 F.3d 1064 (D.C. Cir. 2001)..........................................................10

*Globe Newspaper Co. v. Superior Court*,
    457 U.S. 596 (1982).....................................................................12, 13

*In re Grand Jury Proceedings (Miller)*,
    493 F.3d 152 (D.C. Cir. 2007)............................................................11

*McKeever v. Barr*,
    920 F.3d 842 (D.C. Cir. 2019)..............................................................3

*Press-Enterprise Co. v. Superior Court*,
    478 U.S. 1 (1986)............................................................................3, 12

*Simon v. Republic of Hungary*,
    77 F.4th 1077 (D.C. Cir. 2023)...........................................................10

# SUMMARY OF ARGUMENT

Appellants Bloomberg L.P., Cable News Network, Inc., The E.W. Scripps Company, POLITICO LLC, and WP Company LLC d/b/a The Washington Post demonstrated in their opening brief ("Br.") that the District Court erred in denying their request to unseal judicial opinions and records concerning the government's request that the District Court hold former President Donald J. Trump or his representatives in contempt over their responses to a grand jury subpoena for materials bearing classification markings. Appellants set out three particular points of error in the short ruling below that largely incorporated by reference the District Court's earlier, more fulsome decision in *In re New York Times Co.*, which is the ruling under review in this appeal's companion case, No. 23-5071: (1) the District Court deferred excessively to the government on what judicial records in proceedings ancillary to a grand jury it could and should release, in reaching the conclusion "none"; (2) the District Court concluded that it should seal records more comprehensively in cases such as this one where the public interest is heightened and the press has reported on the proceedings; and (3) the District Court failed to consider whether the First Amendment right of access attaches to the requested opinions and orders and, if so, whether the government could overcome the presumption of access to those records.

1

The government fails to rebut any of those arguments in its response brief ("Resp."). On point 1, the government seeks to minimize the error by arguing that the District Court's explanation of its own reasoning was somehow "dicta." Resp. at 14. On point 2, the government takes the same approach, arguing that the District Court was merely engaged in a "broad discussion of principles." *Id.* at 29-30. And on point 3, the government principally urges the Court not to take up the issue at all rather than provide clarity to the District Court. *Id.* at 32.

In light of the District Court's errors, this Court should vacate the decision below and remand back to the District Court with the following instructions:

<u>First</u>, the District Court should give the government all due deference, but not excessive deference, on the fundamentally judicial task of deciding whether it is "necessary" under Rule 6(e) to keep *court* records sealed.

<u>Second</u>, the District Court erred in reaching the "ironic" conclusion that, because releasing ancillary records in matters "of intense public interest generating concomitant media attention" might "fill gaps in public reporting," courts must keep those particularly important records "entirely sealed in the name of grand jury secrecy while matters not regularly in national news cycles may be released with only light redactions." JA081-82.

<u>Third</u>, because the First Amendment right of access applies to the opinions and orders that the District Court issued regarding the contempt motion, continued

2

sealing can be justified only where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Super. Ct.* ("*Press-Enterprise II*"), 478 U.S. 1, 13-14 (1986) (cleaned up). The District Court did not address the First Amendment access issue, but this Court can and should reach the argument given its importance in this case and others, and in light of the District Court's "confusion" over this Court's precedent on grand jury secrecy. JA074.

For each of these reasons, this Court should vacate the ruling below and remand the matter back to the District Court for reconsideration with instructions.

## **ARGUMENT**

This Court has noted generally that when remanding a case, its ruling "can provide some guidance for the task to be tackled on remand," including "to ensure that the District Court will apply the correct legal standards." *Affum v. United States*, 566 F.3d 1150, 1159 (D.C. Cir. 2009) (cleaned up). Such guidance from this Court is especially important here given the District Court's stated "confusion" over its authority to unseal records ancillary to grand jury proceedings following this Court's decision in *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019). *See* JA074; *see also, e.g. id.* (Rule 6(e)(6) "permits a district court to unseal grand jury orders once secrecy is no longer deemed 'necessary' to protect unauthorized disclosure of grand jury matters, yet without inherent authority to disclose grand

jury materials, how district courts are to evaluate when sealing is no longer 'necessary' remains a puzzle"); JA075 ("the *McKeever* majority did not grapple with the reality that a judicial decision resolving a grand jury matter must necessarily apply relevant legal principles to the facts gained from the grand jury's investigation, which facts *McKeever* expressly holds may not be disclosed unless a Rule 6(e)(3) exception applies"); JA084 at n.17 (noting that then-Chief Judge Howell and former Chief Judge Royce L. Lamberth requested that the Rules Committee amend Rule 6(e) "to clarify the court's authority to issue opinions that discuss and potentially reveal matters before the grand jury").[1]

The three issues argued in this appeal warrant further guidance from this Court on remand.  <u>First</u>, this Court should clarify that the District Court properly affords the government due deference, but not excessive deference, in assessing what material must, under Rule 6(e), be redacted from court decisions and briefing in litigation ancillary to grand jury proceedings.  <u>Second</u>, this Court should clarify that whether releasing records of ancillary proceedings will "fill gaps" in public reporting is not a proper factor for the District Court to consider in deciding

---

[1] In that request, the judges wrote that "the D.C. Circuit's decision" in *McKeever* "has cast a shadow about the legal basis" for "releas[ing] redacted versions of grand jury-related judicial decisions," such that "the Committee's clarification of the issue would be helpful." *Rules Suggestion*, Hon. Beryl Howell & Hon. Royce Lamberth (21-CR-C), Jan. 3, 2021, https://www.uscourts.gov/rules-policies/archives/suggestions/hon-beryl-howell-and-hon-royce-lamberth-21-cr-c.

whether to release those particular records or portions of records.  <u>Third</u>, this Court should clarify that because the First Amendment right of access attaches to judicial opinions and orders, the District Court must assess whether the government has carried its burden to overcome the powerful presumption of public access when a requestor seeks to unseal portions of such court documents in ancillary proceedings.

I. **THE DISTRICT COURT SHOULD AFFORD THE GOVERNMENT ALL DUE DEFERENCE, BUT NOT EXCESSIVE DEFERENCE, IN DECIDING WHETHER SEALING RECORDS REMAINS "NECESSARY" UNDER RULE 6(e).**

As Appellants demonstrated in their opening brief, the District Court erred in excessively deferring to the government on the judicial task of deciding whether the continued sealing of the ancillary records at issue here is "necessary."  Br. at 21-25.  The government responds by characterizing the District Court's reasoning as "largely dicta."  Resp. at 14; *see also id.* at 30 (arguing that there is no reason to think "that the district court believed that some heightened form of deference was warranted in [its] analysis, much less that it actually applied such deference").  Significantly, and for good reason, the government does not attempt to argue in the alternative that such heightened deference is justified.

The government's characterization of the District Court's *In re New York Times* decision, which is incorporated by reference in the ruling below, cannot be squared with the text of the decision itself.  The District Court explained that if

5

sealing was deemed "necessary" in *McKeever*, where "those materials were over sixty years old, the grand jury investigation was long closed, and all the relevant people involved were deceased," then "that appears to be a *nearly impossible* standard to satisfy, *at least in the face of DOJ or prosecutors' opposition to disclosure*." JA074-75 (emphasis added). The District Court therefore observed that, "[a]s construed in *McKeever*, Rule 6(e) effectively empowers prosecutors to exercise *an even more rigorous gatekeeper role than deference already requires* for public disclosure of grand jury material, with a concomitant reduction in the ability of the public to scrutinize government activities at this critical stage of criminal investigations." JA075 (emphasis added). This was the District Court's explanation of its own reasoning, not *dicta*.

In light of that analysis, the District Court erroneously appeared to view the government as exercising a "gatekeeper role" in excess of what "deference already requires" in deciding whether to release any of the ancillary records that Appellants requested. Moreover, because the government opposed disclosure, the District Court appeared to view the release of its own judicial records as "nearly impossible" to justify, also an erroneous conclusion. *See Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998) ("deference is not equivalent to acquiescence").

6

On remand, this Court should instruct the District Court that, under basic separation of powers principles, the Judicial Branch, *not* the Executive Branch, is the only gatekeeper of the court's docket and the proper decision-maker for what judicial records can and should be released. *See* Br. at 21-25. The District Court should be instructed to reject the premises that, especially in light of the government's subsequent official disclosures, the government exercises a "gatekeeper role" or that it is "nearly impossible" to justify disclosing appropriate portions of judicial documents whenever the government objects.

II. **THE DISTRICT COURT SHOULD NOT CONSIDER WHETHER RELEASING ANCILLARY RECORDS WILL "FILL GAPS" IN PUBLIC REPORTING.**

The District Court also erred in considering, in evaluating whether to unseal any portions of judicial documents, whether the release of such ancillary records would "fill gaps in public reporting." JA081. This error led the District Court to reach the conclusion – which it deemed "ironic" – that ancillary records concerning a dispute of enormous public interest and far-reaching importance are *less* amenable to public access than "matters not regularly in national news cycles," which in its view "may be released with only light redactions, perhaps limited to blocking the names of witnesses and targets." Br. at 25-26 (quoting JA081-82). This is not ironic, but rather undermines transparency by withholding from the

public more than just the material that would clearly disclose the details of proceedings before a grand jury.

The government seeks to minimize the error, arguing that the District Court was merely engaged in a "broad discussion of principles applicable to grand jury secrecy." Resp. at 29-30. But the government's interpretation of the *In re New York Times* decision does not square with the text of that ruling. The District Court expressly stated that, given "the impossibility of fairly excising, through redactions, grand jury matters from any of the requested materials, *particularly in this context of highly focused media attention*, grand jury secrecy does not yield in this case at this time and requires denial of petitioners' applications." JA090.

On remand, this Court should instruct the District Court that its task in considering the release of redacted versions of court opinions and filings in ancillary proceedings should be to excise details of undisclosed grand jury proceedings. The District Court should not apply a "mosaic" theory, which essentially adopts a presumption against public disclosure, by considering whether releasing the ancillary records might "fill gaps" in public reporting. There are two reasons to provide that instruction. First, as Appellants noted in their opening brief, this Court has repeatedly affirmed – and itself engaged in – the practice of releasing judicial records of proceedings ancillary to well-publicized grand jury investigations with redactions to protect the still-secret inner workings of those

grand juries.  *See* Br. at 26-29 (collecting cases).  Second, as the District Court recognized, limiting disclosure where releasing records might "fill gaps" in public reporting leads to the perverse result that "judicial decisions and other records in a grand jury investigation of significant public interest and national importance may remain under seal for years, if not forever."  JA082.  In this case, *everything* remained under seal.  The Court should therefore instruct the District Court on remand to cabin redactions to material describing undisclosed proceedings before the grand jury – and nothing else.

## III. THE DISTRICT COURT SHOULD DETERMINE WHETHER THE GOVERNMENT HAS OVERCOME THE POWERFUL PRESUMPTION OF ACCESS TO OPINIONS AND ORDERS ARISING UNDER THE FIRST AMENDMENT.

Finally, this Court should on remand instruct the District Court that, because the First Amendment right of access applies to court opinions and orders, the District Court should unseal the requested opinions and orders unless the government can carry its heavy burden to overcome the presumption of public access.  The Court can and should reach this argument and find that the First Amendment right of access applies to judicial opinions and orders.

### A. This Court Can Address The First Amendment Access Argument.

The government urges the Court to avoid the First Amendment right of access on the grounds that the issue was not presented to the District Court below.  Resp. at 32.  But this Court has "discretion to address issues raised for the first

9

time on appeal," including where, as here, "cases involve[e] uncertainty in the law" or "novel, important, and recurring questions of federal law." *Flynn v. Comm'r*, 269 F.3d 1064, 1069 (D.C. Cir. 2001); *see also, e.g.*, *Simon v. Rep. of Hungary*, 77 F.4th 1077, 1102 (D.C. Cir. 2023) (addressing argument for the first time on appeal because of "uncertainty in the law" and because appellant's "theory is both important and likely to recur in future . . . cases"). The District Court expressly and repeatedly indicated that it was uncertain of the standard for providing public access to at least portions of the dockets of ancillary proceedings, and sought clarification about the scope of its authority to unseal records of ancillary proceedings. *See supra* at 3-4 & n.1. Requests for access to redacted records of ancillary proceedings are sure to recur, especially as the criminal cases against Trump move forward and more details about the Special Counsel's pre-indictment litigation docket come to light. Thus, it would benefit the District Court, in this case and others, to have clarity on the First Amendment right of access to opinions and orders in ancillary proceedings.

### B. The First Amendment Right Of Access Applies To Court Opinions And Orders, Including In Ancillary Proceedings.

As Appellants explained in their opening brief, *see* Br. at 29-31, it is well-established that, to determine whether a First Amendment right of access attaches to a judicial record or proceeding, courts apply the "experience and logic" test, in which "[t]he experience inquiry looks to whether the proceeding has historically

10

been open," and the "logic inquiry asks whether the right of access plays an essential role in the proper functioning of the judicial process and the government as a whole." *Dhiab v. Trump*, 852 F.3d 1087, 1103 (D.C. Cir. 2017) (Williams, J., concurring) (cleaned up). The government does not dispute this test. Moreover, as Appellants demonstrated and the government also does not rebut, the experience and logic prongs both favor access to court opinions and orders, as those records have traditionally been open to the public and such openness benefits the public and improves the functioning of the judiciary by promoting confidence in and supervision of the courts. Br. at 31-33.

Setting aside the government's citation to this Court's statement in *In re Grand Jury Proceedings (Miller)*, 493 F.3d 152, 154 (D.C. Cir. 2007), that "First Amendment protections" do not "extend to ancillary materials dealing with grand jury matters, such as [a] concurring opinion," *see* Resp. at 37, the government's arguments analyze this issue incorrectly by characterizing a right of access to court rulings in judicial proceedings *ancillary* to a grand jury as if they were grand jury proceedings themselves. They are not. Thus, the government urges that because the records Appellants requested purportedly include "grand jury information protected by Rule 6(e)," *see* Resp. at 32, "the relevant question would be whether

11

[Appellants] have a First Amendment or common-law right to access grand jury information," *see id.*[2]

The Supreme Court rejected that granular argument, however, in *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982). There, the Commonwealth of Massachusetts argued that although there is a right of access to criminal trials, that right should not extend to "the testimony of minor sex victims." 457 U.S. at 605 n.13. As the Court explained in rejecting that attempt to parse the *types* of criminal trials, it had already "discerned a First Amendment right of access to *criminal trials* based in part on the recognition that as a general matter criminal trials have long been presumptively open," regardless of the type of information that might appear in testimony at those trials. *Id.* (emphasis in original). Similarly, in *Press-Enterprise II*, the Supreme Court recognized the "First Amendment right of access to the transcript of a preliminary hearing growing out of a criminal prosecution," without regard to the type of information the parties happened to discuss during that hearing. 478 U.S. at 3, 10-13. Indeed, that case concerned a nurse charged with murdering his patients, and the Court noted that "[m]ost of the testimony and the evidence presented by the State was medical and scientific." *Id.* at 4. Yet the Court never suggested, as the

---

[2] The government's reference to the common law right of access is misplaced because Appellants have not asserted a common law right of access to opinions and orders in ancillary proceedings.

12

government's reasoning here would mean, that the "relevant question" was whether the press has a right of access to patient medical information.

The government also claims that the Court should narrowly ask whether the First Amendment right of access attaches to opinions and orders issued in ancillary proceedings. Resp. at 35-36. That emphasis of the proverbial tree misses the forest. *See Globe Newspaper*, 457 U.S. at 605 n.13 (whether the right of access applies to "any particular criminal trial, such as a murder trial . . . or a rape trial" does not turn on "the historical openness of that type of criminal trial"); *see also* Br. at 31-33 (collecting cases on access to opinions and orders). Indeed, the government's argument only underscores why it is important for this Court to take up this issue. As Judge Williams observed, "the level of generality at which we should consider the 'experience' bearing upon the proceedings or records in question" is a significant one because "[r]esolving the level of generality affect[s] not only who [bears] the burden of persuasion but also the severity of that burden." *Dhiab*, 852 F.3d at 1105 (Williams, J., concurring). Thus, if Appellants are correct, then the right of access attaches to opinions and orders, and the government may raise that *these* opinions and orders arise in ancillary proceedings as part of its effort to demonstrate a compelling state interest to justify continued sealing. *See Globe Newspaper*, 457 U.S. at 605 n.13 ("Whether the First Amendment right of access to criminal trials can be restricted in the context of any

13

particular criminal trial . . . depends . . . on the state interests assertedly supporting the restriction.").

Finally, the government argues that the First Amendment right of access is irrelevant, and "add[s] nothing to the equation," because courts already consider whether they can release records of ancillary proceedings "without revealing grand-jury matters." Resp. at 33-34. To the contrary, recognizing a First Amendment right of access to court opinions and orders even in the context of ancillary proceedings would add to the equation significant clarity about which party bears the burden of persuasion (and how heavy that burden is, as discussed *infra*). Thus, if the First Amendment right of access applies to opinions and orders – including those adjudicating the government's request to hold a former President in contempt – then a powerful presumption of access attaches and the government bears the burden to overcome that presumption.

### C. The Government Must Carry Its Heavy Burden Under The First Amendment To Justify Sealing These Opinions And Orders.

Finally, as Appellants have argued, *see* Br. at 34-36, and the government does not dispute, if the Court agrees that the First Amendment right of access applies to judicial opinions and orders, then to justify withholding those records the government must demonstrate that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *Dhiab*, 852 F.3d at 1102 (Williams, J., concurring). The Court should therefore instruct the District Court that, on

remand, it must evaluate whether the government has carried its heavy burden to seal the opinions and orders addressing the government's extraordinary request to hold Trump or his representatives in contempt.

## **CONCLUSION**

For the foregoing reasons and those set forth in Appellants' opening brief, this Court should vacate the ruling below and remand the matter back to the District Court for reconsideration with the instructions that this Court can and should offer.

Dated: September 29, 2023

Respectfully submitted,

/s/ Chad R. Bowman
Chad R. Bowman
Charles D. Tobin
Maxwell S. Mishkin
Lauren Russell
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for Appellants*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the type-volume limit of FRAP 32(a)(7)(B)(ii) because, excluding the parts of the document exempted by FRAP 32(f) and D.C. Circuit Rule 32(e)(1), this document contains 3,402 words.

2. This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14 point Times New Roman font.

Dated: September 29, 2023 　　　　　/s/ *Chad R. Bowman*
　　　　　　　　　　　　　　　　　　Chad R. Bowman

# CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused the foregoing to be filed and served electronically via the Court's ECF System upon all counsel of record. I further certify that, pursuant to Circuit Rule 31(b), I caused eight paper copies of the foregoing to be filed via FedEx to the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit.

Dated: September 29, 2023 /s/ *Chad R. Bowman*
Chad R. Bowman