# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5073                                  September Term, 2023

FILED ON: APRIL 23, 2024

IN RE: PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING DONALD J. TRUMP AND THE TRUMP ORGANIZATION,

BLOOMBERG L.P., ET AL.,
    APPELLANTS

v.

UNITED STATES OF AMERICA,
    APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-mc-00128)

Before: MILLETT, WALKER and GARCIA, *Circuit Judges*

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the United States District Court for the District of Columbia be **AFFIRMED**.

I

This case concerns certain press organizations' request for records relating to grand jury proceedings involving former President Trump. The district court denied the request in full, explaining that releasing the records would violate Federal Rule of Criminal Procedure 6(e)'s requirement that all matters occurring before a grand jury may not be disclosed unless certain exceptions apply. The appellants in this case do not directly argue that Rule 6(e) is inapplicable

1

or that one of its enumerated exceptions applies. Instead, they raise three critiques focusing primarily on the district court's mode of analysis. We explain in detail why those arguments do not warrant reversal in our judgment in *In re New York Times*, No. 23-5071 (D.C. Cir April 23, 2024), a related case which involves materially indistinguishable arguments presented by the same counsel. This judgment explains the factual context of this case and briefly recapitulates our basis for rejecting those arguments.

## II

On May 11, 2022, a federal grand jury in the District of Columbia issued a subpoena to the Office of Donald J. Trump seeking documents bearing classification markings. On August 8, 2022, federal investigators executed a search warrant at the Mar-a-Lago Club, a property owned by former President Trump, who soon thereafter initiated a lawsuit in Florida relating to that search. In August 2022 filings in that lawsuit, the government publicly acknowledged the subpoena and filed a copy on the public docket. The government also explained that "it had obtained and executed the search warrant after developing probable cause that the Office's initial response to that subpoena was incomplete and that obstruction had occurred." Gov't Br. 4–5. The government's disclosure of the existence of the grand jury subpoena was made with permission of the district court.

Appellants are Bloomberg L.P., Cable News Network, Inc., The E.W. Scripps Company, POLITICO LLC, and WP Company LLC *d/b/a* The Washington Post. On December 15, 2022, they filed a petition in district court seeking access to "certain judicial records" stemming from the grand jury proceedings. JA 4. Relying on media reports, appellants claimed that "the Government had urged [the district court] to hold Trump's office in contempt over its response to the Subpoena, and that a hearing on that request was set for . . . December 9." JA 16 (quotations omitted). They asked the district court to grant them "access to all motions, memoranda, exhibits, opinions, orders, hearings, hearing transcripts, and other judicial records related to the Government's request to hold former President Trump or his representatives in contempt" for failure to comply with the grand jury subpoena. JA 4.

On March 11, 2023, the district court denied the petition in full. *In re Press Application for Access to Jud. Recs. & Procs.*, No. 22 Misc. 128 (BAH), 2023 U.S. Dist. LEXIS 104648 (D.D.C. Mar. 11, 2023). It relied on Rule 6(e)(6)'s requirement that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings . . . be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." It further explained that disclosing whether the government sought to hold former President Trump in contempt would necessarily reveal "a matter occurring before a grand jury," because "that request would have been part of an effort to secure compliance with the grand jury Subpoena." *Id.* at *6. Relatedly, the district court concluded that appellants failed to demonstrate that redacted versions of any relevant documents could be disclosed without compromising the secrecy of any contempt proceedings. *Id.* And it rejected appellants' contention that the requested records lost their protected character when the government disclosed the existence of the subpoena itself, because the government's disclosure said nothing about "the details of ancillary proceedings relating to the government's efforts to enforce, and the former president's efforts to comply[] with[,] the Subpoena." *Id.* at *5–6.

### III

The district court in this case relied largely on its earlier decision in *In re New York Times*, 657 F. Supp. 3d 136 (D.D.C. 2023). That decision is the one that—as referenced at the outset—is also the subject of an appeal before this panel and is addressed in a separate judgment issued today. That judgment provides more detail on the scope of Rule 6(e) and its exceptions. For present purposes, it suffices to say that the district court properly determined that Rule 6(e) prohibits disclosure of the documents sought in this case: As the district court explained, it could not disclose documents—even redacted documents—related to any contempt proceedings without "invariably and consistently touch[ing] on 'matters occurring before the grand jury' that have not been revealed to the public through authoritative disclosures." *In re Press Application*, 2023 U.S. Dist. LEXIS 104648, at *7. Indeed, on appeal, appellants offer no direct challenge to that analysis, nor do they argue that any of the listed exceptions to Rule 6(e) applies.

Instead, appellants raise three critiques of the district court's decision. According to appellants, the district court (1) "deferred excessively" to the government on what judicial records "it could and should release," Appellants Reply Br. 1; *see* Appellants Br. 21–25, (2) mistakenly concluded that "it should seal records more comprehensively in cases such as this one where the public interest is heightened and the press has reported on the proceedings," Appellants Reply Br. 1; *see* Appellants Br. 25–29, and (3) erred by failing to consider arguments relating to the press's First Amendment rights, Appellants Br. 29–36.

The appellants in *In re New York Times* are represented by the same counsel and raised these same three arguments. We explain in detail in our judgment in that case why these "arguments are wrong or forfeited." No. 23-5071 at 5. We adopt that analysis, which applies squarely to this case. In brief, the first two arguments concern observations the district court made in its order but which "had no relevant effect on its proper disposition of this case." *Id.* Neither argument changes the dispositive fact that disclosing documents in response to a request for documents about contempt proceedings would reveal whether a contempt proceeding took place. And we do not address appellants' First Amendment argument because they "did not raise it before the district court." *Id.*

There is one material difference between this appeal and *In re New York Times*, which explains why in that case we have vacated the district court's order and remanded for further proceedings, whereas here we affirm. The appellants there claim that, after the district court ruled, the government made a public disclosure about the grand jury proceedings that could affect Rule 6(e)'s application to the records sought in that case. We accordingly vacate and remand the *In re New York Times* order for reconsideration in light of that disclosure, even though the "district court's decision was correct on the record before it." *Id.* at 3. Here, appellants claim no equivalent post-decision disclosure by the government.

* * *

For the foregoing reasons, the order of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

                                                **FOR THE COURT:**
                                                Mark J. Langer, Clerk

                    BY:     /s/
                                                Daniel J. Reidy
                                                Deputy Clerk